JAS. A. HUDGINS, Adm'r., etc. *v.* W. C. FANNING, *et als.*, AND W. M. REYNOLDS and WIFE *v.* JAMES A. HUDGINS, Adm'r., *et als.*

CHANCERY JURISDICTION. Bill for distribution of testator's estate and construction of his will. Cross-bill by his daughter and her husband exhibiting a registered warranty deed of land from the father to the daughter, with which she was to be charged in the final settlement of his estate. The cross-bill alleges the subsequent sale of the land as testator's property, under proceedings at law, against him for balance of purchase money due thereon, and that believing the sale effective, the husband had redeemed the land *at the request of the testator, and upon his promise to refund.*

*Held,* that complainants are entitled to reimbursement out of the estate for the amount so paid, and although *they might have recovered it at law,* yet, as the original bill, to which they were defendants, contemplated a full settlement of the estate, the relief was appropriately sought under the cross-bill not on the *contract of warranty,* but for the advance actually made.

Code cited : §§2996, 3813*a.*

FROM FRANKLIN.

Appeal from the Chancery Court. A. S. MARKS, Chancellor.

FITZPATRICK, GREGORY and DAVIS for complainants.

J. J. WILLIAMS and P. R. CURTIS for defendants.

MCFARLAND, J., delivered the opinion of the Court.

The original bill was filed for a construction of the will of Benjamin Fanning, deceased, and for a general distribution of his estate. The principal question arising upon the will was, whether advancements to the several children were to be collated. At the June Term, 1871, the Chancellor rendered a decree deciding this question in the negative.

Afterwards, Reynolds and wife, the latter being a daughter of said Fanning, filed their cross-bill, in which they charge, among other things, that in 1866, said Fanning made to Mrs. Reynolds a deed for a tract of land, and warranted the title, showing in the deed that she was to be charged $2,200 therefor, in the final settlement of his estate. That Fanning had previously bought a large tract of land, including this tract conveyed to Mrs. Reynold, from Tilman Arledge, and owed a large balance of purchase money. Arledge sued at law and obtained judgment, had execution levied on the land, (the balance of which had been conveyed by said Benjamin Fanning to his son, Samuel Fanning,) and the same was sold and bought by one Day. That it was supposed that this sale was effective, notwithstanding the registration of the deed to Mrs. Reynolds, because the debt to Arledge

was for purchase money, and it was therefore essential to redeem the land, otherwise it would be lost That said Benjamin Fanning being unable to redeem the land, requested complainant, Reynolds, to do so, promising to refund the money. That Reynolds accordingly redeemed the land, paying upwards of $2,900. It appears that this was effected by a sale of Mrs. Reynolds' land, or her supposed equity of redemption.

We need not notice the other aspect of the cross-bill, as we think a demurrer was properly sustained thereto. There was a decree for Reynolds and wife for the amount of $2,200, upon the facts above stated, and the administrator of Benjamin Fanning, and the other parties in interest, have appealed.

1. We are of opinion that this appeal does not bring up for review the decree in the original cause of the June Term, 1871, construing the will of Benjamin Fanning, and we therefore express no opinion in regard to it. That decree was never appealed from, the present bill was filed subsequently, and the appeal is from the decree in favor of Reynolds and wife in this last cause.

2. We think the decree in question cannot be maintained upon the ground of a contract of warranty in the deed of Benjamin Fanning to Mrs. Reynolds.

3. But we are of opinion that the bill may be maintained, upon the ground that the money paid by Reynolds and wife in supposed redemption of the land, was paid for the use of Benjamin Fanning, provided the facts charged are established by proof.

We concede that the sale under Arledge's judgment probably did not vest the purchaser with a title. The deed to Mrs. Reynolds having been registered, and not being shown fraudulent, no title remained in Fanning, the debtor, to be reached by the execution. The fact that Arledge's judgment was for purchase money, was not important. He did not assert a lien in equity. Not having done this, his judgment levy and sale at law stands upon the same footing as if judgment had been upon any other demand. It is true, also, that notwithstanding this, the judgment against Fanning was for the time satisfied, but as it was satisfied by the sale of land that did not belong to him, the satisfaction was subject to be set aside for the benefit of the purchaser under §2996 of the Code.

Fanning had an interest, therefore, in having the debt to Arledge or to Day, the purchaser, paid and satisfied. If, therefore, Reynolds paid the money to Day, at his, Fanning's request, why should he not be held liable therefor? It is not essential that Fanning should have been legally liable for the debt. If Reynolds paid the money at Fanning's request, no matter to whom, he would be entitled to reimbursement. It is not the existence of a legal demand against Fanning that constitutes the consideration, but it is that Reynolds paid the money to his order or for his use, even if it be to one to whom Fanning was not indebted at all. We think it does not alter the result, that the payment was made by a sale of

the land, although no recovery can be had upon the breach of warranty, still, as the deed was voluntary, the land, as between them, belonged to Mrs. Reynolds, and whether the debt to Arledge was a lien on the land or not, it was Fanning's debt, and he should have paid it; if the land was sold to pay his debt under his promise to refund the money, he ought to do so, although this was done under the erroneous supposition that the debt was a lien upon the land.

We think the evidence sufficiently establishes a request upon the part of Fanning to pay the money, and a promise to refund it.

The witness, although interested in the estate of Fanning, is not incompetent. Their incompetency on account of interest is removed absolutely; §3813a of Code. ' Their competency as parties is subject to qualifications, but they are not parties in the sense of this Statute; besides, they are testifying against their interest, being called by the party adverse in interest.

The defendants to the cross-bill filed a demurrer upon the ground, among others, that the remedy was plain at law. It is true, upon the theory that this money was paid upon the request of Fanning, it might have been recovered at law, but the original bill made all the parties in interest defendants, and contemplated a full settlement and distribution of the estate; in this view, we think it was appropriate to obtain the relief by a cross-bill, so that all questions could be settled in one proceeding.

The Chancellor's decree will be affirmed with the

costs of this Court. There was no appeal from the decree of the Chancellor dismissing the cross-bill of Sarah and Samuel Fanning, and it cannot be reviewed.